UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JACOB FRYDMAN,

          *Plaintiff*,

   -*against*-

EXPERIAN INFORMATION SOLUTIONS,
INC., EQUIFAX INFORMATION
SERVICES LLC, and TRANSUNION RISK
AND ALTERNATIVE DATA SOLUTIONS,
INC.,

          *Defendants*.

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-30-16

14 Civ. 9013 (PAC) (FM) (HBP)

**OPINION & ORDER
ADOPTING REPORT AND
RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Plaintiff Jacob Frydman ("Frydman") brings an action against Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Trans Union, LLC[1] (collectively, "Defendants") for actual and punitive damages for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and New York State law. Frydman alleges that Defendants failed to exclude incorrect information from his credit files resulting in, among other things, Frydman being denied credit and being offered unfavorable terms on several loans. Defendants move for summary judgment, and the parties submitted five motions to strike an affidavit and various declarations. Dkt. 95, 126, 129, 135, 139, 142.

On August 11, 2016, Magistrate Judge Frank Maas issued an excellent and thorough, 44-

---

[1] The Amended Complaint names Trans Union Risk and Alternative Data Solutions, Inc. as a defendant. Dkt. 29. Counsel appearing in this matter on behalf of Trans Union, LLC has indicated, however, that Trans Union, LLC is the correct entity. Dkt. 43 at 55. The docket will be updated to reflect Trans Union, LLC as the defendant.

1

page Report and Recommendation ("R&R") that Defendants' summary judgment motion be granted in part and denied in part. Dkt. 158. Specifically, summary judgment should be granted as to all claims in the amended complaint (including the New York State law claims), except with respect to Frydman's claim for the willful failure to comply with the requirements of § 1681i(a)(1)(A) for all Defendants with regard to the Atlanta Concrete Judgment, and as to Experian and Equifax with regard to the Porsche Financial account. Both parties' motions to strike should be denied. On August 24, 2016, Frydman objected to the R&R, arguing that Magistrate Judge Maas incorrectly recommended dismissal of his New York State law claims. Dkt. 159.

For the reasons stated below, the Court rejects Frydman's objection; agrees with the R&R; and adopts it in full. Defendants' motion for summary judgment is GRANTED in part and DENIED in part; and the motions to strike are DENIED.

## LEGAL STANDARDS

### I. Review of Objections

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "To accept those portions of the report to which no timely objections has been made, however, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774 (LAP), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

### II. Summary Judgment Standard

To prevail on a motion for summary judgment, a movant must show "that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if

2

'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (citations omitted). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010).

## ANALYSIS[2]

### I. New York State Law Claims

Frydman argues that the R&R was incorrect in finding that his New York State law claims (negligent misrepresentation, defamation, defamation *per se*, negligence, and injurious falsehood) are preempted by 15 U.S.C. § 1681h(e). Section 1681h(e) provides:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency ... *except as to false information furnished with malice or willful intent to injure such consumer*.

15 U.S.C § 1681h(e) (emphasis added).

Frydman contends that because a reasonable jury could conclude Defendants acted with malice, his state law claims survive. The FCRA does not define malice, and Frydman urges the Court to apply the standard for malice articulated by the Supreme Court in the libel context in *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964), under which malice is established where the statement was made "with knowledge that it was false or with reckless disregard of whether it was false or not." Dkt. 159 at 8. Thus, according to Frydman, just as Defendants may be liable pursuant to § 1681n for recklessly disregarding their statutory duties,[3] they may also be

---

[2] The relevant facts are set forth in the R&R.

[3] A credit reporting agency is liable pursuant to § 1681n if it "willfully fails to comply with any requirement imposed under [the FCRA]." 15 U.S.C. § 1681n(a). Willful failure to comply with the FCRA can be shown by

3

liable under New York State law for recklessly disregarding the truth. *Id.* at 11–12. Magistrate Judge Maas rejected that argument. He recognized that conflating the malice or willful intent to injure standard with the willful failure to comply with statutory duties standard would "void the effect of the qualified immunity section of the Act." R&R at 41–42 (citing *Thornton v. Equifax, Inc.*, 619 F.2d 700, 705 (8th Cir. 1980); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 229 (3d Cir. 1997); *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986)).

We agree with Magistrate Judge Maas "that a showing of 'malice or willful intent to injure' requires something more than the 'willful failure to comply' with statutory duties that is the prerequisite to an award of punitive damages."[4] R&R at 41. We also agree that Frydman has adduced no evidence from which a reasonable jury could conclude that Defendants acted with the "something more" necessary to establish malice or willful intent to injure him. *Id.* at 43.

## II. Claims under the FCRA

The Magistrate Judge found sufficient evidence for Frydman to proceed on his claim that Defendants willfully failed to comply with their statutory duty under 15 U.S.C. § 1681i(a)(1)(A), and so recommends denying summary judgment on that ground. Defendants do not object and, finding no clear error, the Court adopts that recommendation.

---

evidence of "'reckless disregard' for statutory duties." R&R at 39–40. A credit reporting agency acts with reckless disregard if its interpretation of its statutory duties is "objectively unreasonable." *See id.* As Magistrate Judge Maas properly concluded (and no party objects), a reasonable jury could conclude that Defendants' reinvestigation procedures were objectively unreasonable. *See id.*

[4] Even if Frydman is correct that the *New York Times* standard for malice applies to § 1681h(e), the showing that Frydman would have to make would still need to be something more than a willful failure to comply with statutory duties. To show "reckless disregard" under *New York Times*, Frydman would need to "put forth 'sufficient evidence to permit the conclusion that [Defendants] in fact entertained serious doubts as to the truth of [their] publication[s].'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1168 (9th Cir. 2009) (quoting *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968)); *Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 471 (5th Cir. 2006). The "theory of systemic incompetency and profit-driven behavior," R&R at 42–43, that Frydman relies on for his claim that Defendants willfully failed to comply with their statutory duties is insufficient to show that Defendants "entertained serious doubts" about their reporting of the Atlantic Concrete Judgment or Porsche Financial account.

Frydman has presented evidence that could lead a reasonable jury to conclude that there were inaccuracies in Defendants' disclosures relating to the Atlantic Concrete Judgment and the Porsche Financial account. *See Gorman v. Experian Info. Solutions, Inc.*, 07 Civ. 1846 (RPP), 2008 WL 4934047, at *4 (S.D.N.Y. Nov. 19, 2008). A reasonable jury could also conclude that Defendants are liable for willfully failing to comply with their statutory duties under 15 U.S.C. § 1681i(a)(1)(A) in conducting reinvestigations for the Atlantic Concrete Judgment (all Defendants) and the Porsche Financial account (Experian and Equifax). *See Jones v. Experian Info. Solutions, Inc.*, 982 F. Supp. 2d 268, 276 (S.D.N.Y. 2013).

Frydman has not presented evidence, however, from which a reasonable jury could conclude that Defendants willfully failed to comply with their statutory duties under 15 U.S.C. § 1681e(b) in generating any inaccurate reports. *See Ogbon v. Beneficial Credit Servs., Inc.*, 10 Civ. 3760 (PAE), 2013 WL 1430467, at *7 (S.D.N.Y. Apr. 8, 2013). Frydman's claims for negligent violation of 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i(a)(1)(A) fail because a reasonable jury would not be able to conclude that Frydman suffered any actual damages cognizable under the FCRA. *See Selvam v. Experian Info. Solutions, Inc.*, ---F. App'x ---, 2016 WL 3180140, at *2 (2d Cir. June 7, 2016). First, Frydman's claims for damages for the denial or modification of bank loans constitute business transactions that are not cognizable under the FCRA. *See Podell v. Citicorp Diners Club, Inc.*, 914 F. Supp. 1025, 1036 (S.D.N.Y. 1996), *aff'd*, 112 F.3d 98 (2d Cir. 1997). Second, Frydman has not presented admissible evidence that he suffered consumer damages causally connected to any inaccurate information provided by Defendants. *See Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 250 (S.D.N.Y. 2008), *aff'd*, 360 F. App'x 255 (2d Cir. 2010). Third, Frydman has not alleged or presented evidence from which a reasonable jury could conclude that he has suffered emotional damages. *See Wenning v. On-Site*

*Manager, Inc.*, 14 Civ. 9693 (PAE), 2016 WL 3538379, at *20 (S.D.N.Y. June 22, 2016).

### III. Motions to Strike

Frydman's motions to strike are denied because the statements that he seeks to strike are professed to be based on personal knowledge and "the assessment of a witness's credibility is a function reserved for the jury." *In re Fosamax Prods. Liab. Litig.*, 707 F.3d 189, 194 n.4 (2d Cir. 2013). Defendants' motion to strike is denied as moot because Frydman's submissions are not material to the surviving claims.

### CONCLUSION

The Court ADOPTS the R&R. Defendants' motion for summary judgment is GRANTED in part and DENIED in part. The Court DENIES the motions to strike. The Clerk is directed to update the docket to substitute Trans Union, LLC for Transunion Risk and Alternative Data Solutions, Inc. The Clerk is also directed to close the motions at Docket 95, 126, 129, 135, 139, and 142. The reference to the Magistrate Judge is continued.

Dated: New York, New York  
September 30, 2016

SO ORDERED

PAUL A. CROTTY  
United States District Judge