UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JACOB FRYDMAN,

        *Plaintiff*,

  -against-

EXPERIAN INFORMATION SOLUTIONS,
INC., EQUIFAX INFORMATION
SERVICES LLC, and TRANSUNION RISK
AND ALTERNATIVE DATA SOLUTIONS,
INC.,

        *Defendants*.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/21/2017

14 Civ. 9013 (PAC) (FM) (HBP)

**OPINION & ORDER
ADOPTING REPORT AND
RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Jacob Frydman ("Plaintiff"), a lawyer appearing *pro se*, brought an action against Experian Information Solutions, Inc., Equifax Information Services LLC, and Trans Union, LLC[1] (collectively, "Defendants"), for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and New York State law. Upon this Court's partial summary judgment in favor of Defendants—disposing of all claims except those directed to willful violation of 15 U.S.C. § 1681i(a)(1)(A)—Defendants moved to dismiss the remaining claims for lack of subject matter jurisdiction. Magistrate Judge Pitman issued a Report and Recommendation ("R&R"), recommending that Defendants' motion to dismiss be granted.

For the reasons stated below, the Court ADOPTS the R&R in full. Defendants' motion to dismiss the pending claims for lack of subject matter jurisdiction is GRANTED.

---

1. The Amended Complaint names Trans Union Risk and Alternative Data Solutions, Inc. as a defendant. Dkt. 29. Counsel appearing in this matter on behalf of Trans Union, LLC has indicated, however, that Trans Union, LLC is the correct entity. Dkt. 43 at 55. The docket still reflects Trans Union Risk and Alternative Data Solutions, Inc. as the defendant.

1

## BACKGROUND

Plaintiff brought an action against Defendants for violations of FCRA and New York State law, alleging generally not personal, but rather business injury. *See* Dkt. 1. Plaintiff alleged that Defendants failed to take reasonable steps to exclude incorrect information from his credit reports, resulting in, among other things, Plaintiff being denied credit and being offered unfavorable terms on several loans. *Id.*.

On November 20, 2014, the Court referred this action to Magistrate Judge Frank Maas. Dkt. 3. On January 4, 2016, Defendants jointly moved for summary judgment on all claims. Dkt. 95. On August 11, 2016, Magistrate Judge Maas issued a Report and Recommendation, recommending that the summary judgment be granted on a subset of claims. *Frydman v. Experian et al.*, No. 14-CV-09013, 2016 U.S. Dist. LEXIS 107139 (S.D.N.Y. Aug. 11, 2016) (Report & Recommendation). Magistrate Judge Maas found that no reasonable jury could conclude that Plaintiff suffered any actual damages cognizable under the FCRA. *Id.* at *28. On September 30, 2016, this Court adopted Magistrate Judge Maas's Report and Recommendation in full, leaving only the claims that Defendants willfully violated 15 U.S.C. § 1681i(a)(1)(A) ("§ 1681i(a)(1)(A)")[2]. *See Frydman*, 2016 U.S. Dist. LEXIS 135931 (S.D.N.Y. Sept. 30, 2016).

Upon Magistrate Judge Maas's retirement, Magistrate Judge Henry Pitman was assigned

---

2. § 1681i(a)(1)(A) states:

> Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the *agency shall, free of charge, conduct a reasonable reinvestigation* to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(Emphasis added).

to this action on September 7, 2016. On January 13, 2017, Defendants moved to dismiss the Plaintiff's remaining claims—that Defendants willfully violated § 1681i(a)(1)(A)—under Fed. R. Civ. P. § 12(b)(1) for lack of subject matter jurisdiction. Dkt. 169. Defendants contend that Plaintiff does not have standing to pursue the remaining claims because Plaintiff did not suffer any concrete injury. Dkt. 170 at 1, 10–12. Plaintiff maintains he has standing because, among other things, (1) Defendants violated Plaintiff's substantive rights, (2) Defendants' violation of Plaintiff's rights created a substantial risk of harm, (3) the Congress intended to confer standing to Plaintiff by enacting FCRA, and (4) Plaintiff is not required to show actual damages to pursue punitive damages under FCRA. Dkt. 171 at 5–12.

On August 30, 2017, Magistrate Judge Pitman issued a thoughtful, 33-page R&R, recommending that the Defendants' motion be granted. Dkt. 174. Magistrate Judge Pitman concluded that Plaintiff lacks standing because, among other things, (1) the Court had previously held that no reasonable jury could conclude that Plaintiff suffered any actual damages cognizable under FCRA, *id.* at 23–24, and (2) in view of *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), a mere violation of duty arising under § 1681i(a)(1)(A) does not, by itself, amount to a concrete injury, *id.* at 24–30. Magistrate Judge Pitman notes that standing based on a statutory violation of § 1681i(a)(1)(A) requires that the violation presents a risk of real harm protected by FCRA, and concludes that "[a]s alleged here, the statutory violation did not actually threaten any interests of plaintiff that are protected by the FCRA." *Id.* at 24. Magistrate Judge Pitman stresses that the alleged violation is " 'a bare procedural violation, divorced from any concrete harm,' which is insufficient to establish a concrete injury for standing." *Id.* at 25 (quoting *Spokeo*, 136 S. Ct. at 1549).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Magistrate Judge Pitman

3

directed the parties to file any written objections within fourteen days and noted that, otherwise, the parties will be precluded from seeking appellate review. *Id.* at 32–33. Neither parties filed objections.

## LEGAL STANDARDS

### I. Review of Report and Recommendation

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the fact of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

### II. Motion to Dismiss Standard under Fed. R. Civ. P. 12(b)(1)

A federal court must dismiss a claim if the court "lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010). In deciding a Rule 12 motion to dismiss, a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," *id.* (quoting *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (citation and internal quotation marks omitted)), but " 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it,' " *id.* (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)). Ultimately, it is the plaintiff that "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

## III. Article III standing in Federal Courts

"[T]he law of Article III standing serves to prevent the judicial process from being used to usurp the powers of the political branches and confines the federal courts to a properly judicial role." *Spokeo,* 136 S. Ct. at 1547 (citation, internal quotation, and modification omitted). The irreducible constitutional minimum of standing has three elements: the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.* (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180 (2000)).

To establish an injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560 (internal quotations and citations omitted). This injury must be both particular and concrete: these independent requirements cannot be elided. *Spokeo,* 136 S. Ct. at 1548.

Article III standing, in the context of a statutory violation, was addressed in *Spokeo.* There, the Supreme Court stressed that "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. It further enunciated that a plaintiff cannot establish Article III standing merely "by alleging a bare procedural violation" because "[a] violation of one of the [statutory] procedural requirements *may result in no harm.*" *Id.* at 1550 (emphasis added). It noted that "the violation of a procedural right granted by statute *can be sufficient in some circumstances* to constitute injury in fact," *id.* (emphasis added), suggesting that the issue of standing can be context specific.

5

In interpreting *Spokeo*, the Second Circuit held that "an alleged procedural violation can by itself manifest concrete injury where [(1)] Congress conferred the procedural right to protect a plaintiff's concrete interests and where [(2)] the procedural violation presents a 'risk of real harm' to that concrete interest." *Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016) (quoting *Spokeo* at 1549); *accord Katz v. Donna Karan Co.*, No. 15-464, slip op. at 11–12 (2d Cir. 2017). But it's clear that a plaintiff may fail to satisfy the second condition "when the violation in question could not result in harm to the interest protected by statute either as a general matter, ... or under the particular circumstances alleged," again suggesting that the issue of standing can be context specific. *Cruper-Weinmann v. Paris Baguette Am., Inc.*, 235 F. Supp. 3d 570, 574–75 (S.D.N.Y. Jan. 30, 2017) (Rakoff, D.J.), *aff'd*, 861 F.3d 76 (2d Cir. 2017).

## ANALYSIS

Magistrate Judge Pitman analyzes the Plaintiff's standing under *Spokeo* and *Strubel* and concludes that Plaintiff does not have standing to assert claims under § 1681i(a)(1)(A). *See generally* Dkt. 174. His conclusion is based on four factors: (1) Plaintiff has not adduced sufficient evidence to support actual damages, as this Court found in *Frydman*, *id.* at 23; (2) the alleged "statutory violation [alone] did not actually threaten any interests of plaintiff that are protected by the FCRA," *id.* at 24; (3) even if Plaintiff were seeking to vindicate a personal right, as opposed to public rights, Plaintiff still has to establish an actual harm under *Spokeo*, *id.* at 31; and (4) regardless of whether Plaintiff seeks actual or statutory damages, "Plaintiff still needs to establish a concrete injury before seeking a remedy in federal court," *id.*.

There is no clear error in Magistrate Judge Pitman's R&R. A plaintiff may establish a concrete injury with (1) actual damages or (2) a showing of a statutory violation that amounts to a "*de facto*" injury. *Spokeo*, 136 S. Ct. at 1548–9. Here, Plaintiff does neither. Plaintiff fails to

6

establish actual damages, as this Court had found in *Frydman*, 2016 U.S. Dist. LEXIS 135931, at *8. Plaintiff also fails to establish that the alleged statutory violation, alone, amounts to a concrete injury because Plaintiff has not established, with a preponderance of the evidence, that the alleged statutory violation presents a "risk of real harm" to the concrete interests protected by FCRA. *Spokeo*, 136 S. Ct. at 1549.

Plaintiff alleges that Defendants violated Plaintiff's substantive right, and that the alleged violation of the substantive right is sufficient to establish a concrete injury. *See* Dkt. 171, at 5–7. As Magistrate Judge Pitman correctly points out, however, Plaintiff's allegation is not supported by *Spokeo* or any other cases. *See* Dkt. 174 at 25–30. In fact, the Supreme Court specifically held that the statutory violation of 15 U.S.C. § 1681e(b), which is similar to § 1681i(a)(1)(A), is "procedural." *Spokeo*, 1360 S. Ct. at 1550. Even if the violation of § 1681i(a)(1)(A) were substantive, *Spokeo* and *Strubel* still require Plaintiff to independently establish that the violation presents a real harm to the concrete interests protected by FCRA. Plaintiff fails to do so "by a preponderance of the evidence." *Aurecchione*, 426 F.3d at 638.

Therefore, the Court determines that Magistrate Judge Pitman's R&R is not clearly erroneous.

The Court ADOPTS the R&R in full. Defendants' motion to dismiss the pending claims for lack of subject matter jurisdiction is GRANTED. The Clerk is directed to close all pending motions and close the case.

Dated: New York, New York
September 21, 2017

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge